UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ROBINSON,

    Plaintiff,

Case No. 1:15-cv-1114

Hon. Robert J. Jonker

v.

IONIA CORRECTIONAL FACILITY
MEDICAL STAFF, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a *pro se* civil rights action against defendants brought pursuant to 42 U.S.C. § 1983. This matter is now before the Court on two matters: a show cause order (ECF No. 59) and defendants' motion to dismiss pursuant to Fed. R. Civ. P. 41(b) (ECF No. 65). For the reasons discussed below, this matter should be dismissed.

    **I.**    **Plaintiff committed a fraud on the Court**

While incarcerated at the Michigan Department of Corrections (MDOC), *pro se* plaintiff commenced this action under the name of "Michael Robinson," MDOC #512217. Upon his discharge from the MDOC, plaintiff was transferred to a prison in Mississippi, where he is known as "Richard Baker," #71968. Plaintiff has not been candid with this Court regarding his identity, having executed a number of documents under penalty of perjury identifying himself as Michael Robinson. *See*, *e.g.*, Complaint (ECF No. 1), Amended Complaint (ECF No. 2), Financial Affidavit (ECF No. 3), Declarations (ECF Nos. 7, 8, 9, 17). Based on these declarations, it appears that plaintiff filed this lawsuit under a false name, and in doing so has committed a fraud upon the

Court with respect to his true identity. Federal courts have the inherent power to sanction a party "upon proof that a fraud has been perpetrated upon the court," *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991), "[A] court has the power to conduct an independent investigation in order to determine whether it has been the victim of fraud" and to dismiss a lawsuit when a litigant has perpetrated a fraud on the court. *Id*. at 44-45.

On April 4, 2017, the Court ordered plaintiff to show cause in writing within 14 days why this case should not be dismissed for filing a lawsuit in this Court based upon a false identity. *See* Order (ECF No. 59). In a response dated April 14, 2017, plaintiff stated as follows (in his words):

> As Plaintiff was arrested, booked, sentenced, and committed to Michigan Department of Corrections under the alias name Michael Robinson #515217; Plaintiff only option was to file case number 1:15-cv-1114, under the allias [sic] name Michael Robinson, Because he was not committed to Michigan Department of Correction under his Birth name Richard Baker, which prompted him to file the case under his Mdoc Allias name Michael Robinson.

Plaintiff's Response (ECF No. 63). Plaintiff signed his response "Michael Robinson - AKA - Richard Baker." *Id*.

Plaintiff's response is insufficient. After being transferred to Mississippi, plaintiff sent a request for a copy of the scheduling order and docket sheet under the name "Richard Baker #71968." *See* Letter (ECF No. 55). Eventually, the Michigan Attorney General's Office advised the Court that "Baker" was an alias of plaintiff "Robinson" and that plaintiff was in a county jail in Mississippi. In his response to the order to show cause, plaintiff contradicted the Attorney General's advice, stating that *Robinson* is an alias of his real name, Baker; yet, plaintiff signed the response identifying himself as Michael Robinson who was using the alias ("AKA") Richard Baker. Plaintiff

2

wanted mail sent to him in Mississippi as "Richard baker-aka-Michael Robinson" [sic]. *See* Change of Address (ECF No. 61).

Plaintiff did not advise the Court that he filed this lawsuit under an alias name. In fact, it is not clear whether plaintiff's true identity is Michael Robinson or Richard Baker. Given plaintiff's contradictory statements, it is unclear whether his real name is something other than Robinson or Baker. In this regard, Court orders sent to plaintiff in Mississippi under the two names he uses, Michael Robinson and Richard Baker, were returned to the Court because plaintiff was "not known" to the officials in Mississippi. *See* Returned Mail (ECF No. 64).[1]

"Filing a case under a false name deliberately, and without sufficient justification, certainly qualifies as flagrant contempt for the judicial process and amounts to behavior that transcends the interests of the parties in the underlying action." *Dotson v. Bravo*, 321 F.3d 663, 668 (7th Cir. 2003). "A trial is not a masquerade party nor is it a game of judicial hide-n-seek where the plaintiff may offer the defendant the added challenge of uncovering his real name." *Zocaras v. Castro*, 465 F.3d 479, 484 (11th Cir. 2006). "Permitting the plaintiff to pursue his claim would take the punch out of the punishment for pummeling the probity of the judicial system." *Id*. *See Wilson-Williams v. Freeman*, No. 2:07-CV-480-MEF, 2010 WL 653873 at *3 (M.D. Ala. Feb. 22, 2010) (a plaintiff "may not purport to seek justice in this court while committing fraud" regarding his identity); *Prince v. Delaware County Bar Association*, 1993 WL 141711 at *2 (E.D. Pa. May 3, 1993) (dismissing the *pro se* plaintiff's civil rights action as sanction because, "Plaintiff in the case at bar has filed this suit using a false name. This court finds that this conduct is the type that

---

[1] The Court notes that plaintiff, MDOC No. 515217, was represented by counsel in a separate lawsuit in this Court using the name "Michael Robinson." *See Michael Robinson v. Michigan Department of Corrections*, 1:14-cv-165 (W.D. Mich.) (dismissed Nov. 28, 2016).

3

constitutes fraud on the court because it clearly tampers with the judicial machinery and subverts the integrity of the court itself.").

The Sixth Circuit "long has recognized that a trial court's inherent power includes the power to dismiss cases involving flagrant abuses." *Mitan v. International Fidelity Insurance Co.*, 23 Fed. Appx. 292, 298 (6th Cir. 2001). "The federal courts' inherent power to protect the orderly administration of justice and to maintain the authority and dignity of the court extends to a full range of litigation abuses." *Id*. citing *Chambers*, 501 U.S. at 43-44.

Plaintiff admits that he filed this action under the false identity of "Michael Robinson." In addition, plaintiff has presented no evidence of his true identity, which may be "Richard Baker." Plaintiff is perpetrating a fraud on the Court by filing a lawsuit and executing Court documents using an admittedly false identity. Accordingly, I recommend that plaintiff's action be dismissed with prejudice *See Chambers*, 501 U.S. at 43-44; *Zocaras*, 465 F.3d at 484; *Dotson*, 321 F.3d at 668.

## II. Plaintiff has failed to prosecute this action

At the time he filed this action, plaintiff was incarcerated at the Ionia Correctional Facility. *See* Compl. (ECF No. 1). As discussed, he was released from prison in Michigan and transferred to a prison in Mississippi. In their motion to dismiss, defendants have advised the Court that since April, 2017, their counsel has "a.) received no information from the Plaintiff as to where he is residing; b.) had no communication with the Plaintiff; and c.) been unable to obtain concurrence from the Plaintiff relative to the filing of this motion pursuant to Local Civil Rule 7.1(d), USDC, Western District of Michigan." Defendants' Brief (ECF No. 66, PageID.250).

Fed. R. Civ. P. 41(b) provides that:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule -- except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 -- operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). In addition, W.D. Mich. LCivR 41.1 provides in pertinent part that "Failure of a plaintiff to keep the Court apprised of a current address shall be grounds for dismissal for want of prosecution.

The record reflects that plaintiff has not only failed to advise the Court of his whereabouts, but he has provided the Court with misleading information which has made it impossible for the Court or defendants' counsel to perform the simple act of mailing him copies of orders and motions. He has failed to keep this Court apprised of his address. Plaintiff's actions demonstrate that he has abandoned this lawsuit. Accordingly, as an alternative to dismissing this lawsuit as a sanction, the Court should dismiss this lawsuit for lack of prosecution under Fed. R. Civ. P. 41(b) and W.D. Mich. LCivR 41.1.

### III.     Recommendation

For these reasons, I respectfully recommend that plaintiff's action be **DISMISSED** with prejudice for committing a fraud on this Court.

In the alternative, I recommend that defendant's motion to dismiss (ECF No. 65) be **GRANTED** and that this action be **DISMISSED** for lack of prosecution.

Dated: August 1, 2017         /s/ Ray Kent
                              RAY KENT
                              United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).